UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SHANNON ALLEN Individually,
and on behalf of All Others Similarly
Situated Who Consent to Their Inclusion
in a Collective Action;

      Plaintiff,

v.                                                    CASE NO.:

TABLESEIDE RESTAURANT GROUP, LLC,
a Florida Corporation,

      Defendant.
_____/

## PLAINTIFFS' COLLECTIVE AND CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff Shannon Allen (hereinafter referred to as "Plaintiff") individually, and on behalf of all others similarly situated who consent to their inclusion in this collective and class action, sues the above Defendant, TABLESEIDE RESTAURANT GROUP, LLC, for violations of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* (hereinafter referred to as the "FLSA"), and alleges as follows:

**PRELIMINARY STATEMENT**

1. This is a collective and class action brought by Plaintiff Shannon Allen (hereinafter "Plaintiff"), on behalf of herself, all others similarly situated, and the proposed Rule 23 Class to recover unpaid wages, unpaid minimum wages, unpaid overtime wages, and misappropriated tips from Defendant, Tableseide Restaurant Group, LLC (hereinafter "Defendant").

2. On April 3, 2020, Defendant notified Plaintiff and members of the class that they would not be paying any wages whatsoever for the period running from March 17, 2020 to

March 31, 2020, due to the COVID-19 pandemic. Defendant represented in the correspondence that they were forced to close by both the State and Federal government, however, they currently remain open for takeout service to all customers. This e-mail is attached hereto as Exhibit "A."

3. Plaintiff brings this action as an opt-in collective action on behalf of herself and all similarly situated individuals for violations of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA") and as an opt-out Rule 23 class action on behalf of herself and the proposed Rule 23 Class to remedy violations of Florida law, specifically Florida Statute § 448.08. The proposed FLSA Collective and Rule 23 Class consists of all persons who worked as servers for Defendant in Florida at any time in the two years prior to the filing of this Complaint.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this action, pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 206, because this action involves a federal question under the FLSA.

5. This Court has supplemental jurisdiction over the claims brought pursuant to Florida Statute § 448.08 pursuant to 28 U.S.C. § 1367(a), as these claims are related to the federal claims brought herein and arise from the same case or controversy as those federal claims.

6. This Court has original and personal jurisdiction over this action because the Defendant is engaged in business within the state of Florida, and the action complained of occurred in Florida.

7. Venue is appropriate in the Tampa Division of the Middle District of Florida pursuant to 28 U.S.C. § 1391(b)(2) and the Local Rule for the United States District Court, Middle

District of Florida 1.02(c) because the Defendant owns and operates facilities in Sarasota County, Florida, and the unlawful conduct occurred within the Tampa Division of this Court.

## PARTIES

**Plaintiff**

8. Plaintiff is an adult resident of Sarasota County, Florida. Plaintiff is currently employed by Defendant as a server, and worked exclusively in Sarasota County.

9. Plaintiff brings this action on behalf of herself and all other similarly situated individuals ("FLSA Collective") pursuant to the FLSA, 29 U.S.C. § 216(b). Plaintiff and the FLSA Collective were, or are, employed by Defendant as servers across the state of Florida during the applicable statutory period.

10. Plaintiff and the FLSA Collective are current and former employees of Defendant within the meaning of the FLSA and were, or are, employed by Defendant within two years of the date this Complaint is filed. *See* 29 U.S.C. § 255(a).

11. Additionally, pursuant to Fed. R. Civ. P. 23, Plaintiff brings this action on behalf of all persons who worked as servers for Defendant in Florida at any time in the two years prior to the filing of this Complaint (the "Rule 23 Class").

12. At all relevant times, Plaintiff and members of the proposed Rule 23 Class were "employees" within the meaning of Florida Statute § 448.101(2).

**Defendant**

13. Defendant Tableseide Restaurant Group, LLC, is a Florida limited liability corporation with a principal executive office located at 1917 South Osprey Ave., Sarasota, Florida 34239.

14. Defendant is a restaurant group that owns and operates numerous restaurants across the State of Florida.

15. At all relevant times, Defendant's gross annual sales made or business done has been in excess of $500,000.00.

16. At all relevant times, Defendant is, and has been, an "employer" engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 203(d).

17. Defendant operates in interstate commerce by, among other things, purchasing goods and materials used in their restaurants from supplies across the United States.

**FACTUAL ALLEGATIONS**

18. Plaintiff and members of the proposed FLSA Collective and Rule 23 Class are individuals who were, or are, employed by Defendant as servers. Servers are waiters and waitresses at Defendant's various restaurants, in charge of taking food and drink orders from customers and delivering those orders back to the customer. They also serve to handle each customer's bill for food and drink purchased.

19. Plaintiff and members of the proposed FLSA Collective and Rule 23 Class were or are paid on an hourly basis, with overtime pay for all hours worked over forty (40) per workweek. They also receive tips from customers.

20. Defendant suffered and permitted Plaintiff and members of the proposed FLSA Collective and Rule 23 Class to work from March 17, 2020 to March 31, 2020, without any compensation whatsoever.

21. Defendant misappropriated all tips earned by Plaintiff and members of the proposed FLSA Collective and Rule 23 Class between March 17, 2020 to March 31, 2020.

22. Defendant was aware, or should have been aware, that Plaintiff and members of the proposed Collective FLSA and Rule 23 Class performed work which required they be compensated at least the minimum wage prescribed by Federal law, specifically codified at 29 U.S.C. § 206. Further, Defendant was aware that Plaintiff and members of the proposed Collective FLSA and Rule 23 Class earned tips between March 17, 2020 and March 31, 2020. Defendant knowingly, intentionally, and willfully misappropriated all tips earned by Plaintiff and members of the proposed FLSA Collective and Rule 23 Class during this time period.

23. Defendant was aware, or should have been aware, that Plaintiff and members of the proposed FLSA Collective and Rule 23 Class worked more than forty (40) hours during the workweeks of March 18, 2020 to March 24, 2020, and March 25, 2020 to March 31, 2020, and accordingly should have been paid their time and one-half their regular rate of pay for all such hours worked over forty (40) during each workweek.

24. Defendant's failure to pay Plaintiff and members of the proposed FLSA Collective and Rule 23 Class was willful and intentional.

25. Plaintiff has hired the undersigned attorneys, and agreed to pay them a fee.

## COLLECTIVE ACTION ALLEGATIONS

26. Plaintiff brings Count One on behalf of herself and all similarly situated individuals. The proposed FLSA Collective class is defined as follows:

> All persons who worked in the position of waiter, waitress, or server (or similar job position) for Tableseide Restaurant Group, LLC at any time in the two years prior to the filing of this Complaint.

27. Plaintiff has consented in writing to be a part of this action pursuant to 29 U.S.C. § 216(b). Plaintiff's signed consent form is attached as Exhibit "B."

28. As this case proceeds, it is likely that other individuals will file consent forms and join as "opt-in" plaintiffs.

29. As described in the preceding paragraphs, during the applicable statutory period, Plaintiff and members of the proposed FLSA Collective worked full schedules, some with overtime hours, between March 17, 2020 and March 31, 2020, and received no compensation whatsoever.

30. Defendant willfully violated the FLSA by knowingly failing to pay its servers minimum wages, overtime wages, and by misappropriating all tips earned by all servers during the indicated time period.

31. Defendant is liable under the FLSA for failing to properly compensate Plaintiff and the FLSA Collective during the time period indicated. Accordingly, notice of this action should be sent to the FLSA Collective. There are numerous similarly situated current and former employees of Defendant who have suffered from Defendant's practices and who would benefit from the issuance of Court-supervised notice of this lawsuit and the opportunity to join. Those similarly-situated employees are known to Defendant and are readily identifiable through Defendant's records.

## CLASS ACTION ALLEGATIONS

32. Plaintiff brings Count Two individually and as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure. The proposed Rule 23 Class is defined as:

> All persons who worked in the position of waiter, waitress, or server (or similar job position) for Tableseide Restaurant Group, LLC at any time in the two years prior to the filing of this Complaint.

33. The persons in the proposed Rule 23 Class are so numerous that joinder of all of the proposed Rule 23 Class members is impracticable. While the precise number of class

members has not been determined at this time, at least seventy (70) servers worked for Defendant between March 17, 2020 and March 31, 2020. Hundreds of servers have worked for Defendant within the two years prior to the filing of this Complaint.

34. There are questions of law and fact in common to the proposed Rule 23 Class that predominate over any questions solely affecting individual members of the proposed Class, including but not limited to:

   a. Whether Defendant violated the FLSA by failing to pay servers minimum wages between March 17, 2020 and March 31, 2020;

   b. Whether Defendant violated the FLSA by failing to pay servers overtime wages between March 17, 2020 and March 31, 2020;

   c. Whether Defendant violated the FLSA by misappropriating all servers tips between March 17, 2020 and March 31, 2020;

   d. Whether Defendant violated F.S. § 448.08 by failing to pay servers any compensation whatsoever for work performed between March 17, 2020 and March 31, 2020;

   e. The proper measure of damages sustained by the Rule 23 Class; and

   f. Whether Defendant should be enjoined from such violations in the future.

35. Plaintiff's claims are typical of those of the proposed Rule 23 Class. Plaintiff, like other members of the proposed Rule 23 Class, worked as a server for Defendant. Like other members of the proposed Rule 23 Class, Plaintiff performed work for Defendant between March 17, 2020 and March 31, 2020, and received no compensation whatsoever. Further, like other members of the proposed Rule 23 Class, tips received by Plaintiff between March 17, 2020 and March 31, 2020, were misappropriated by Defendant.

36. Plaintiff will fairy and adequately protect the interests of the proposed Rule 23 Class, and has retained counsel experienced in complex wage and hour litigation.

37. This action is properly maintainable as a class action under Fed. R. Civ. P. 23(b)(1)(A) because prosecuting separate actions by individual class members would create a risk of inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct for Defendant.

38. This action is properly maintainable as a class action under Fed. R. Civ. P. 23(b)(2) because Defendant has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

39. This action is properly maintainable as a class action under Fed. R. Civ. P. 23(b)(3) because questions of law or fact predominate over any questions affecting individual class members, and a class action is superior to other methods in order to ensure a fair and efficient adjudication of this controversy because, in the context of wage and hour litigation, individual plaintiffs lack the financial resources to vigorously prosecute separate lawsuits against large corporate defendants. Class litigation is also superior because it will preclude the need for unduly duplicative litigation resulting in inconsistent judgments pertaining to Defendant's policies and practices. There does not appear to be any difficulties in managing this class action. Plaintiff intends to send notice to the proposed Rule 23 Class to the extent required by Fed. R. Civ. P. 23(c).

## CAUSES OF ACTION

**COUNT I: VIOLATION OF THE FAIR LABOR STANDARDS ACT
FALURE TO PAY MINIMUM WAGES
(On behalf of Plaintiff and the FLSA Collective)**

40. Plaintiff incorporates by reference all allegations number 1-39 contained above into this Count, as if fully stated herein.

41. The FLSA, 29 U.S.C. § 206, requires employers to pay employees at least the prescribed minimum wage of $7.25 per hour.

42. At all relevant times, Defendant was an employer engaged in interstate commerce and/or in the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. § 203.

43. At all relevant times, Plaintiff and members of the FLSA Collective were "employees" of Defendant, within the meaning of the FLSA.

44. Defendant failed to pay Plaintiff and members of the FLSA Collective the Federally mandated minimum wage of $7.25 per hour from March 17, 2020 to March 31, 2020.

45. Defendant's unlawful conduct, as described in this Complaint, was willful and intentional. Defendant was aware or should have been aware that the practices described in this Complaint were unlawful. Defendant did not make a good faith effort to comply with the FLSA with respect to the compensation of Plaintiff and members of the FLSA Collective.

46. As a result of Defendant's willful violations of the FLSA, Plaintiff and members of the FLSA Collective have suffered damages, and are entitled to all unpaid minimum wages, an equal amount as liquidated damages, prejudgment interest, attorneys' fees and costs, and other compensation pursuant to 29 U.S.C. § 201, *et seq.*

**COUNT II: VIOLATION OF THE FAIR LABOR STANDARDS ACT**
**FAILURE TO PAY OVERTIME WAGES**
**(On behalf of Plaintiff and the FLSA Collective)**

47. The FLSA, 29 U.S.C. § 207, requires employers to pay non-exempt employees one and one-half times the regular rate of pay for all hours worked over forty (40) hours per workweek.

48. As described in the preceding paragraphs, Defendant suffered and permitted Plaintiff and the FLSA Collective to work overtime hours between March 17, 2020 and March 31, 2020, without any compensation whatsoever, including applicable overtime compensation.

49. Plaintiff and members of the FLSA Collective are not exempt from the overtime requirements of the FLSA.

50. Defendant's actions, policies, and practices as described herein violate the FLSA's overtime requirement by willfully and knowingly failing to compensate Plaintiff and members of the FLSA Collective for all overtime hours worked between March 17, 2020 and March 31, 2020.

51. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff and the FLSA Collective have suffered and will continue to suffer a loss of income and other damages. Plaintiff and the FLSA Collective are entitled to liquidated damages, prejudgment interest, and attorney's fees and costs incurred in connection with this claim.

### COUNT III: VIOLATION OF FLORIDA STATUTE § 448.08
### UNPAID WAGES
### (On behalf of Plaintiff and the Rule 23 Class)

52. At all relevant times, Plaintiff and members of the Rule 23 Class were employees of Defendant within the meaning of F.S. § 448.101(2).

53. At all relevant times, Defendant was the "employer" of Plaintiff and members of the Rule 23 Class, within the meaning of F.S. § 448.101(3).

54. Between March 17, 2020 and March 31, 2020, Defendant suffered and permitted Plaintiff and members of the Rule 23 Class to work at their various restaurants located throughout Florida.

55. On April 3, 2020, two days after payroll checks were normally received, Defendant informed Plaintiff and members of the Rule 23 Class that they would not be paid any compensation whatsoever for work performed between March 17, 2020 and March 31, 2020.

56. Further, on April 3, 2020, Defendant informed Plaintiff and members of the Rule 23 Class that all tips they had received between March 17, 2020 and March 31, 2020 would be kept by Defendant.

57. Defendant's decision to withhold all pay and tips earned by Plaintiff and members of the Rule 23 Class between March 17, 2020 and March 31, 2020 was made knowingly, willfully and intentionally, and in reckless disregard for the law.

58. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff and members of the proposed Rule 23 Class have suffered and will continue to suffer a loss of income and other damages. Plaintiff and all members of the proposed Rule 23 Class are entitled to all unpaid wages, all unpaid tips, prejudgment interest, and attorney's fees and costs incurred in bringing this action.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by this Complaint and on all other issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, on behalf of herself and those similarly situated, prays for judgment against Defendant as follows:

    i.    Designation of this action as a collective action on behalf of Plaintiff and those similarly situated, and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all those similarly situated apprising them of the pendency of this action, and permitting them to assert timely FLSA claims in this action by filing individual consent forms;

    ii.    Judgment against Defendant for violation of the minimum wage and overtime provisions of the FLSA;

    iii.    Judgment that Defendant's violations of the FLSA were willful;

    iv.    An award to Plaintiff and those similarly situated for the amount of unpaid minimum and overtime wages owed, liquidated damages, and prejudgment interest on any unpaid overtime or minimum wages upon which liquidated damages were not assessed;

    v.    An award of reasonable attorneys' fees and costs;

    vi.    Leave to add additional plaintiffs and/or state law claims by motion, by the filing of written consent forms, or by any other method approved by this Court; and

    vii.    For such other and further relief, in law or equity, as this Court may deem appropriate and just.

**WHEREFORE**, Plaintiff, on behalf of herself individually and the proposed Rule 23 Class, prays for relief as follows:

i. Certification of the proposed Rule 23 Class as a class action pursuant to Fed. R. Civ. P. 23, for designation of Plaintiff as class representative, and for designation of Plaintiff's counsel as class counsel;

ii. Judgment against Defendant for violation of Florida Statute § 448.08, specifically for their failure to pay Plaintiff and members of the proposed Rule 23 Class any wages or tips whatsoever earned between March 17, 2020 and March 31, 2020;

iii. An award to Plaintiff and all members of the proposed Rule 23 Class of all unpaid wages, misappropriated tips, prejudgment interest, and attorneys' fees and costs;

iv. All further relief as this Court deems just and equitable.

DATED: April 13, 2020

*/s/ Nicholas J. Castellano, II*
Nicholas J. Castellano, II, Esq.
Florida Bar Number: 0118601
Email: nick@buckmanandbuckman.com
Y. Drake Buckman, II, Esq.
Florida Bar Number: 0137634
Email: attorney@buckmandbuckman.com

**BUCKMAN & BUCKMAN, P.A.**
2023 Constitution Boulevard
Sarasota, FL  34231
Telephone:   (941) 923-7700
Fax:             (941) 923-7736

*Attorneys for Plaintiff, the Putative FLSA Collective and the Putative Rule 23 Class*